## Case No. 12,923.

SKIDMORE v. The POLLY.

[Anth. N. P. 200.]

District Court, D. New York. Sept. ∷, 1808.

ADMIRALTY—JURISDICTION SHOWN BY LIBEL.

The admiralty court will entertain a libel where there is an apparent jurisdiction on the face of it, and no opposition.

This was a libel on a bottomry bond, executed to the libellant by one of the part owners of the sloop Polly. The libel set forth,. that on the 1st day of April, 1808, at the city,. and in the district of New York, A. B., owner of one-half of said sloop, &c., in consideration of a certain sum of money, paid to him by the libellant, executed to the libellant a certain bottomry bond, by which it was agreed, that the libellant should bear the hazard and adventure of the said sum on the one-half of said sloop, &c., during the space of two calendar months; and also set forth, that the said sloop was engaged in the North or Hudson river trade.

W. C. Mulligan, for libellant, having read the libel, and no claimant appearing, THE COURT suggested a doubt whether this was a case of admiralty jurisdiction, Hudson river being infra corpus comitatus, and the case was, therefore, laid over. Vide 2 Wils. 264; [Montgomery v. Henry] 1 Dall. [1 U. S.] 50.

At another day, however, THE COURT de-

cided, without argument, that as there was an apparent jurisdiction on the face of the libel, and as no one appeared in opposition, they would take cognizance of the case, and thereupon decreed a sale.

SKILLINGER, The R. W. See Case No. 12,-181.

SKILTON, Ex parte. See Case No. 1,459.

SKILTON (CLARK v.). See Case No. 2,834.

SKINNER (GAMMELL v.). See Case No. 5,210.